## WILLING v. KAPNER.
### No. 6711.

Circuit Court of Appeals, Third Circuit.
Nov. 16, 1938.

Joseph B. Quinn and Thomas J. Minnick, Jr., both of Philadelphia, Pa., for appellant.

Edward Unterberger, of Philadelphia, Pa., for appellee.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the receiver of the Commercial National Bank brought suit against Louis Kapner to recover the amount of the latter's note with interest. Liability for the face of the note was admitted, but not for interest thereon. Jury was waived and the case tried by the Judge, who found a verdict for the face of the note without interest. Thereupon the receiver took this appeal.

The facts of the case and the holdings of the trial Judge are thus stated in his opinion:

"In the present case the maker of the note had the full amount of the note at the bank on the day of maturity. It was partly tendered in cash and partly in a medium of payment which was legally available to him, namely, his deposit which he had the right to use as a set-off. According to the stipulated facts, his tender 'was not accepted by reason of the fact that the Commercial National Bank did not have possession of the note'. The note had been pledged by the payee as partial security for a loan and was in the hands of the pledgee. The important fact is that the pledgee did not accept the tender. The defendant was therefore justified in refusing to pay interest at the time when the Commercial National Bank, after it had received the note from the pledgee, demanded payment."

After due consideration, we find ourselves in accord with the decision of the court and in support of so holding we note Sec. 74 of the Pennsylvania Act of May 16, 1901, 56 P.S.Pa. § 175, which provides: "The instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it."

Accordingly, the judgment below is affirmed as of the date of the going down of our mandate.